UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COUNTRYWIDE HOME LOANS, INC. D/B/A**  **CIVIL ACTION**
**AMERICA'S WHOLESALE LENDER**

**VERSUS**  **NO. 07-3353**

**MARTHA ANDERSON, ET AL**  **SECTION B(4)**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Summary Judgment. (Rec. Doc. 9). The motion is opposed. (Rec. Doc. 25). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED that** Plaintiff's Motion for Summary Judgment is **DENIED in part and GRANTED in part**. The motion is **DENIED** on the issues of Breach of Conduct, Fraud, and Standing and **GRANTED** on the issue of Attorney's Duty of Care.

## BACKGROUND

The present action began as an executory proceeding on January 31, 2007 in state court, seeking to enforce a note and mortgage on the home of Martha Johnson Anderson, Antoinette M. Anderson, Frederick C. Anderson, Jr., and Derrick Anderson ("the Andersons"). The Andersons filed a reconventional demand against Countrywide and its attorneys, Dean Morris, LLP, and Charles Heck, Jr., alleging, among other things, breach of contract, fraud, and bad faith. Countrywide now seeks summary judgment pursuant to Rule 56, dismissing the claims of the Andersons.

The Andersons paid their monthly mortgage note through automatic withdrawals from Martha Anderson's bank account. The mortgage was current through August 2005. In August of 2005, the Andersons were displaced by Hurricane Katrina. According to Countrywide, the Andersons defaulted on the note and mortgage agreement after they failed to make an installment payment due March 1, 2006. Countrywide further alleges that the Andersons also failed to make all payments due thereafter. According to the Andersons, automatic withdrawal of payments continued in April, June, and July of 2006. After July 6, 2006, Countrywide refused to accept any further payments.

On September 12, 2006, Countrywide sent a notice to the Andersons advising them that the loan was in default, set forth the total amount needed to bring the loan current, advised that unless the default was cured in 30 days, the entire principal balance of the loan plus late charges would become immediately due and payable ("Acceleration"), and that if such amounts were not paid at that time, foreclosure proceedings would commence.

Defendants claim Countrywide made a "Special Forbearance Agreement" with Ms. Anderson and assured her verbally that a payment plan would be worked out. Defendants assert that Countrywide sent the Andersons a notice on April 6, 2006 which acknowledged receipt of a $550.00 payment and confirmed the existence of its "Special Forbearance Agreement dated April 3,

2

2006." (Rec. Doc. 25-3 at 1). Defendants further allege that Countrywide failed to send them a copy of the forbearance agreement or state the amount of payments required thereunder. (See affidavit of Martha Anderson, Rec. Doc. 25-2 at 1-3).

Finally, Defendants argue that Countrywide's refusal to accept payments tendered, alleged "suppression of the truth" regarding the forbearance agreement, and alleged "intentional filing of foreclosure" with knowledge of the same constitute breach of contract, fraud, negligence, constructive fraud, unjust enrichment, and violations of Louisiana's Unfair Trade Practices Act and the Fair Debt Collection Practices Act.

Plaintiff Countrywide argues that the Andersons' allegations are "self serving and conclusory" and unsupported by any factual basis. Plaintiff asserts that a payment was returned for insufficient funds on November 16, 2005, and as a result, the auto-payment process was terminated. Plaintiff further alleges that the Andersons were notified of such in a letter dated December 1, 2005. Plaintiff asserts that the Andersons defaulted on the note and mortgage by failing to pay the installment due for March 1, 2006, and all subsequent installments and alleges that the Andersons were notified of default and acceleration on September 12, 2006. Countrywide also argues that its attorneys, Counter Defendants Dean Morris and Charles Heck, Jr., owe no duties to the Andersons. Finally, Countrywide argues that Defendants lack standing to bring

their counterclaim because they have not been damaged by "the mere filing" of the foreclosure suit. (Rec. Doc. 9-4 at 8).

## DISCUSSION

### A. Summary judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. Breach of Contract**

The Andersons contend that Countrywide breached its contractual agreement by refusing to accept proffered payments and by failing to comply with a forbearance agreement after Hurricane Katrina. Countrywide asserts that it complied with the contract by enforcing the acceleration provisions of the note and mortgage. Countrywide sent the Andersons a "Notice of Default and Acceleration" on September 12, 2006. In that notice, Plaintiff required payment of monies due from 03/01/2006 through 9/30/2006. The notice also stated that the "required payments have not been made." Defendants claim a notice on April 6, 2006 acknowledged receipt of a $550.00 payment and confirmed the existence of its "Special Forbearance Agreement dated April 3, 2006." Genuine issues of material fact as to Countrywide's breach preclude summary judgment on that claim.

**C. Fraud**

Rule 9 of the Federal Rules of Civil Procedure provides that when alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." La. Civ. Code art. 1953 provides in pertinent part that "fraud may result from misrepresentation or silence." The code, in summary, makes clear that fraud results from a misrepresentation or suppression of the truth where the

5

intent is to obtain an unjust advantage or cause a loss or inconvenience. Louisiana law is no different in that in pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally. La. Civ. Code art. 856.

Countrywide argues that Defendants failed to set forth specific allegations of fraud with particularity. Defendants, however, specifically allege that notice required by the note was not provided. The Andersons also contend that they made proper installment payments on the note through their banking system by means of the automatic withdrawal process. They further assert that Countrywide intentionally refused to accept loan payments and pursued foreclosure despite knowledge that the loan was not in default under the terms of its agreement with the Andersons. Taking the allegations of the non-moving party as true, genuine issues of material fact as to Countrywide's alleged fraud preclude summary judgment on this claim.

**D. Failure to Exercise Due Care**

Defendants assert a claim against Dean Morris and Charles Heck, Jr. for actions taken during the course of their representation of Countrywide. The Andersons allege that Counsel for Plaintiff/Defendant in Reconvention "failed to exercise due care in their investigation of the facts, and neglected to properly

6

advise their client before bring [sic] this civil action against defendants and plaintiffs in reconvention." (Reconventional Demand, Rec. Doc. 1-3). An attorney owes no duty to his client's adversary when acting on his client's behalf. *Penalber v. Blount*, 550 So. 2d 577 (La. 1989). "Attorneys must be free to represent their clients without constant fear of actions based in statements made in zealous prosecution or defense of the action." *Freeman v. Cooper*, 414 So. 2d 355, 359 (La. 1982). According to the Louisiana Supreme Court:

> Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting in his client's behalf. A non-client, therefore, cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation. The intent of this rule is not to reduce an attorney's responsibility for his or her work, but rather to prevent a chilling effect on the adversarial practice of law and to prevent a division of loyalty owed to a client.

*Montalvo v. Sondes,* 637 So.2d 127, 130 (La. 1994). Furthermore, identifying an intentional tort in the context of the actions of the adversary's attorney requires that "the petition allege facts showing specific malice or intent to harm on the part of the attorney in persuading his client to initiate and continue the suit." *Id*.

The Andersons are seeking to assert a claim against Dean Morris and Heck, Jr. for actions taken during the course of representation of their client Countrywide. Neither Dean Morris nor Mr. Heck is personally liable to Defendant for damages. The

7

firm was merely exercising its client's right to enforce the mortgage through the judicial process. The Andersons have not "allege[d] facts showing specific malice or intent to harm on the part of the attorney[s] in persuading [their] client to initiate and continue the suit." *Id*. Therefore Defendants' claims that Dean Morris and Charles Heck, Jr. failed to exercise due care fail as a matter of law and are hereby **DISMISSED**.

**E.   Standing**

Countrywide asserts that the Andersons lack standing to bring their reconvention demand because Defendants have not been damaged by the mere filing of the foreclosure lawsuit. Countrywide placed the suit on hold on May 10, 2007, prior to issuance of the writ of seizure and sale. To assert that a family whose home is in foreclosure has no standing in court against the holder of the mortgage is a meritless argument and summary judgment on the issue of standing is **DENIED**.

Genuine issues of material fact as to Countrywide's alleged breach of contract preclude summary judgment on that claim. If the allegations set forth in the pleadings are taken as true, genuine issues of material fact as to Countrywide's alleged fraud preclude summary judgment. Additionally, Countrywide's challenge of the Anderson's standing is without merit. However, the claims against Dean Morris and Charles Heck, Jr. fail as a matter of law and summary judgment on that issue is appropriate. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED in part and GRANTED in part**. The motion is **DENIED** on the issues of Breach of Conduct, Fraud, and Standing and **GRANTED** on the issue of Attorney's Duty of Care.

New Orleans, Louisiana, this 24th day of March, 2009.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE